EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071-1429
Telephone (213) 489-3222
Facsimile (213) 623-7929
E-mail:  elukas@hfdclaw.com

HARNESS, DICKEY & PIERCE, P.L.C.
Glenn E. Forbis (*Pro Hac Vice pending*)
Jennifer R. Turchyn (*Pro Hac Vice pending*)
5445 Corporate Drive, Suite 200
Troy, MI  48098
Tel. 248-641-1600
Fax: 248-641-0270
Email:  gforbis@hdp.com
          jturchyn@hdp.com

Attorneys for Plaintiff DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| | **<u>Jury Trial Demanded</u>** |
| vs. | |
| SACO RESEARCH L.L.C.; BRIAN COUGHREN; and JOHN DOE, | |
| Defendants. | |

Plaintiff Dassault Systèmes SolidWorks Corporation ("DS SolidWorks") by its

undersigned counsel as and for its Complaint against Defendant ("Saco"), Defendant

Brian Coughren ("Coughren"), and Defendant John Doe ("Doe") (collectively,

"Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

This is a copyright infringement action arising out of Saco's and Doe's unauthorized and willful use and copying of DS SolidWorks's SOLIDWORKS software package.

## THE PARTIES

1.  Plaintiff DS SolidWorks is a Delaware corporation, having a principal place of business at 175 Wyman Street, Waltham, MA  02451-1223.

2.  On information and belief, Defendant Saco is a California limited liability company having a principal place of business at 41735 Elm Street, Suite 401, Murrieta, CA 92562.

3.  On information and belief, Defendant Brian Coughren is an adult individual who is the President of Saco.

4.  On information and belief, Defendant Doe is an adult individual who is an employee of or otherwise associated with Saco.

## JURISDICTION AND VENUE

5.  This action arises under 17 U.S.C. § 101 et seq. for infringement of copyrights owned by DS SolidWorks.

6.  This Court has subject matter jurisdiction over these copyright infringement and circumvention claims pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

7.  This Court has personal jurisdiction over Saco because, among other things, Saco resides in and transacts business in California and in this judicial district.

8.  This Court has personal jurisdiction over Coughren because, upon information and belief, Coughren is the President of Saco and a resident of California also residing within this judicial district.

9.      This Court has personal jurisdiction over Doe because, upon information and belief, Doe is an employee of Saco and a resident of California, also residing within this judicial district.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), 1391(d), and 1400(a).

## BACKGROUND

### DS SolidWorks and the Copyrighted Works

11.     DS SolidWorks is the creator, author, and owner of the software code for the SOLIDWORKS software package, which is a computer-aided design ("CAD") software package.

12.     DS SolidWorks has created, authored, and is the owner of various "releases" of SOLIDWORKS, each building upon the prior release.

13.     DS SolidWorks owns many copyright registrations for the SOLIDWORKS software package, including (i) U.S. Copyright Registration No. TX 0005225647 titled "SolidWorks 2000 : pt. 1," (ii) U.S. Copyright Registration No. TX 0005666476 titled "SolidWorks 2001 plus," (iii) U.S. Copyright Registration No. TX 0005725523 titled "Solidworks," (iv) U.S. Copyright Registration No. TX 0007951350 titled "SolidWorks 2014," (v) U.S. Copyright Registration No. TX 0008284758 titled "SolidWorks 2016," (vi) U.S. Copyright Registration No. TX 0008443820 titled "SOLIDWORKS 2017," (vii) U.S. Copyright Registration No. TX 0008540002 titled "SOLIDWORKS 2018," and (viii) U.S. Copyright Registration No. TX 0008885576 titled "SOLIDWORKS 2020," attached as Exhibit 1, hereto.

### Detection of Infringement by Defendants

14.     The SOLIDWORKS software incorporates detection and monitoring technology that detects and identifies unauthorized uses of the SOLIDWORKS software

and transmits identifying data to DS SolidWorks over the internet when such unauthorized uses occur.

15. Through its monitoring technology, DS SolidWorks detected at least 253 unauthorized uses of its SOLIDWORKS software, including add-ons entitled Simulation and Plastics, on at least six different computers having the MAC addresses as shown below in Table 1 (the "Computers").

| Machine | MAC Addresses | Add-Ons |
|---------|---------------|---------|
| 1 | 7085c2df7088<br>087190fb50a9<br>087190fb50aa<br>0a7190fb50a9 | N/A |
| 2 | 7cb27dcb799d<br>7cb27dcb799c<br>b42e99a67f0f<br>7eb27dcb799c | Plastics;<br>Inspection |
| 3 | e86a64405858<br>645d86a0c469<br>645d86a0c468<br>665d86a0c468 | Inspection |
| 4 | 247703db31ac<br>d4bed9ff0cef<br>247703db31ad<br>267703db31ac | Inspection |
| 5 | c0e434425d2d<br>a85e4553214b<br>c2e434425d2d<br>e2e434425d2d | N/A |
| 6 | 087190b72b22<br>006073ff9416<br>98e743e01e2e | N/A |

Table 1

16. Through its monitoring technology, DS SolidWorks detected that the Computers used an email domain called "saco.local."

17. Through its monitoring technology, DS SolidWorks detected that the Computers used a domain called "saco."

18.     Through its monitoring technology, DS SolidWorks detected that the Computers repeatedly connected to the internet from the IP addresses 47.144.206.225, 47.144.236.250, and 76.95.126.32.

19.     The IP Addresses 47.144.206.225, 47.144.236.250, and 76.95.126.32 resolve to Murrieta, CA.

20.     Upon information and belief, Saco is the only company in Murrieta, CA with a name corresponding to "saco.local" and "saco."

21.     Saco owns a single license (the "License") to use SolidWorks software.

22.     The unauthorized uses of SOLIDWORKS software occurred on the same networks and machines that Saco used to activate the License.

23.     On January 18, 2018, Saco activated the License on a computer connected to the internet through IP address 47.144.236.250.

24.     The registered email on the January 18, 2018 activation is "brian@saco-research.com."

25.     The email address "brian@saco-research.com" is used by Brian Coughren, President of Saco.

26.     The January 18, 2018 activation was performed on a computer with MAC addresses 247703db31ad, 247703db31ac, and d4bed9ff0cef (the "January 18, 2018 MAC Addresses").

27.     The January 18, 2018 MAC Addresses were also detected on one of the Computers, Machine 4, indicated in Paragraph 15.

28.     On October 9, 2019, Saco activated the License on a computer connected to the internet through IP address 76.95.126.32.

29.     On April 27, 2020, Saco activated the License on a computer connected to the internet through IP address 47.144.206.255.

30.     The April 27, 2020 activation was done on a computer with MAC addresses a85e4553214b, c2e434425d2d, e2e434425d2d, and c0e434425d2d (the "April 27, 2020 MAC Addresses").

31.     The April 27, 2020 MAC Addresses were detected on one of the Computers, Machine 5, indicated in Paragraph 15.

32.     In a telephone conversation with Karim Hassouna of DS SolidWorks on June 26, 2020, Coughren admitted that Saco infringed due to SolidWorks making it difficult to use the software on two computers.

**Infringement by Saco, Coughren, and Doe**

33.     Upon information and belief, the Computers are owned by one of the Defendants.

34.     Upon information and belief, the Computers have been used by Doe, Coughren, and/or by employees of Saco or by persons under the control of Saco.

35.     Upon information and belief, Doe, Coughren, and/or employees or other persons under the control of Saco downloaded one or more copies of SOLIDWORKS from the internet.

36.     Upon information and belief, Doe, Coughren, and/or employees or other persons under the control of Saco installed one or more copies of SOLIDWORKS on the Computers.

37.     Upon information and belief, Doe, Coughren, and/or employees or other persons under the control of Saco launched (executed) and/or used one or more copies of SOLIDWORKS on the Computers.

38.     Saco's website (www.saco-research.com) is presently inactive.

39.     Saco has used DS SolidWorks's SOLIDWORKS software packages without authorization or permission from DS SolidWorks for multiple years.

40.     Upon information and belief, Saco received a direct financial benefit from the unauthorized use of SOLIDWORKS by Doe, Coughren, and/or one or more of its employees or other persons under its control.

41.     Upon information and belief, Coughren had reason to know about the unauthorized use of SOLIDWORKS by Doe and/or one or more of his employees or other persons under his control.

**Notice of Infringement To Defendants**

42.     On May 27, 2020, counsel for DS SolidWorks sent a letter to Saco via email and First Class Mail to Coughren, offering to resolve Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages. The May 27, 2020 letter is attached as Exhibit 2, hereto.

43.     Between June 2, 2020 and June 27, 2020, DS SolidWorks and Saco engaged in a series of communications regarding the possibility of resolving Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages via email messages and telephone between Coughren and Karim Hassouna of DS SolidWorks. Emails from the series of communications are attached as Exhibit 3, hereto.

44.     On July 6, 2020, counsel for DS SolidWorks sent a second letter to Saco via email and First Class Mail to Coughren, again offering to resolve Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages. The July 6, 2020 letter is attached as Exhibit 4, hereto.

45.     Between July 6, 2020 and September 24, 2020, counsel for DS SolidWorks and Saco engaged in a series of communications regarding the possibility of resolving Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages via email messages and telephone calls between Coughren and Glenn Forbis. Emails from the series of communications are attached as Exhibit 5, hereto.

46.     Between September 24, 2020 and October 6, 2020, DS SolidWorks and Saco again engaged in a series of communications regarding the possibility of resolving Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages via email messages and telephone calls between Coughren and Lynne Frye. Emails from the series of communications are attached as Exhibit 6, hereto.

47.     Between October 12, 2020 and October 21, 2020, counsel for DS SolidWorks and Saco again engaged in a series of communications regarding the possibility of resolving Saco's unauthorized use of DS SolidWorks's SOLIDWORKS software packages via email messages and telephone calls between Coughren and Glenn Forbis. Emails from the series of communications are attached as Exhibit 7, hereto.

48.     On October 22, 2020 Saco retained Mr. Steve Vondran as counsel.

49.     On October 23, 2020, Mr. Vondran sent one email to counsel for DS SolidWorks. Since October 24, 2020, counsel for DS SolidWorks has attempted to contact Mr. Vondran via email. Mr. Vondran has not responded. Emails from the series of communications are attached as Exhibit 8, hereto.

## COUNT I

## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (against all Defendants)

50.     DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

51.     SOLIDWORKS, including SolidWorks 2014, SolidWorks 2016, SOLIDWORKS 2017, SOLIDWORKS 2018, and SOLIDWORKS 2020, is an original work of DS SolidWorks and is protectable by the copyright laws of the United States.

52.     DS SolidWorks owns all rights and title to the copyrights for SOLIDWORKS.

53.     Saco, Coughren, and Doe downloaded the SolidWorks 2014, SolidWorks 2016, SOLIDWORKS 2017, SOLIDWORKS 2018, and SOLIDWORKS 2020 releases of the SOLIDWORKS software to a computer storage unit, such as a hard disk drive, via the Internet, thereby creating a copy of the SOLIDWORKS software without authorization or permission from DS SolidWorks.

54.     Subsequently to downloading a copy of SOLIDWORKS, Saco, Coughren, and Doe installed, executed, and used the SOLIDWORKS software on one or more computers without authorization or permission from DS SolidWorks.

55.     Each time Saco, Coughren, and Doe executed SOLIDWORKS, Saco, Coughren, and Doe caused a computer to copy the SOLIDWORKS software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g., random access memory (RAM) without authorization or permission from DS SolidWorks.

56.      Saco, Coughren, and Doe executed SOLIDWORKS at least on the Computers.

57.     By making unauthorized copies of SOLIDWORKS as described above, Saco, Coughren, and Doe infringed and violated (directly or indirectly) DS SolidWorks's copyrights in SOLIDWORKS and the SOLIDWORKS Copyright Registrations, including at least DS SolidWorks's exclusive right under 17 U.S.C. § 106(1) "to reproduce the copyrighted work in copies."

58.     Upon information and belief, Saco received a direct financial benefit from the above-described infringement of DS SolidWorks's copyrights.

59.     Upon information and belief, Coughren had reason to know about the above-described infringement of DS SolidWorks's copyrights.

60.     Saco's, Coughren's, and Doe's infringement and violation of DS SolidWorks's copyrights has been knowing and willful.

61.     DS SolidWorks has been damaged by the aforementioned infringement.

///

///

///

///

///

///

# COUNT II

## CIRCUMVENTION OF TECHNOLOGICAL MEASURES

### (17 U.S.C. § 1201)

### (against all Defendants)

62.    DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

63.    SOLIDWORKS includes technological measures that effectively control access to the SOLIDWORKS software, including a requirement during installation to input an authorized License Key provided by DS SolidWorks to properly-licensed users of SOLIDWORKS to "unlock" SOLIDWORKS and thereby allow the installation, subsequent use of, and access to SOLIDWORKS.

64.    Upon information and belief, Saco, Coughren, and Doe circumvented the technological measures incorporated in SOLIDWORKS to gain access to SOLIDWORKS by avoiding, bypassing, deactivating, or otherwise impairing such technological measures, including at least during the installation of SOLIDWORKS.

65.    Upon information and belief, Saco, Coughren, and Doe used a Solidsquad (SSQ) crack signature to avoid, bypass, deactivate, or otherwise impair such technological measures.

66.    By avoiding, bypassing, deactivating, or otherwise impairing the technological measures to control access to SOLIDWORKS, including by avoiding, bypassing, deactivating, or otherwise impairing the input of an authorized License Key, during the installation process, Saco, Coughren, and Doe have violated 17 U.S.C. § 1201.

67.    Upon information and belief, Saco received a direct financial benefit from the above-described circumvention.

68.    Upon information and belief, Coughren had reason to know about the above-described circumvention.

69.     DS SolidWorks has been damaged by Saco's, Coughren's and Doe's above-described actions.

## PRAYER FOR RELIEF

WHEREFORE, DS SolidWorks prays for relief as follows:

A.     For a judgment determining that Saco, Coughren, and Doe have infringed DS SolidWorks's copyrights in violation of 17 U.S.C. § 501;

B.     For a judgment determining that Saco, Coughren, and Doe have circumvented a technological measure that controls access to the SOLIDWORKS software in violation of 17 U.S.C. § 1201;

C.     For a finding that such infringement and/or circumvention was willful;

D.     For a judgment preliminarily and permanently enjoining and restraining Saco, including its officers, directors, employees, agents, and servants, and all those in active concert of participation with any of them, and Doe from directly or indirectly infringing DS SolidWorks's copyrights;

E.     For a judgment awarding DS SolidWorks (i) its actual damages in an amount to be determined in excess of $75,000, (ii) any profits of Saco, (iii) statutory damages of $150,000 per act of infringement, and (iv) costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. §§ 504 and 505;

F.     For a judgment awarding DS SolidWorks any other damages to which it is entitled under statute or common law; and

G.     For such other and further relief as the Court deems just and proper.

///
///
///
///
///

## <u>DEMAND FOR A JURY TRIAL</u>

DS SolidWorks hereby demands a trial by jury in this action.

Dated:  January 25, 2021                    HARRINGTON, FOXX, DUBROW & CANTER, LLP


By: /s/ Edward W. Lukas, Jr.
       EDWARD W. LUKAS, JR.
       Attorneys for Plaintiff
       DASSAULT SYSTÈMES SOLIDWORKS
       CORPORATION

Dated:  January 25, 2021                    HARNESS, DICKEY & PIERCE, P.L.C.


By: /s/ Glenn E. Forbis
       GLENN E. FORBIS (*Pro Hac Vice pending*)
       JENNIFER R. TURCHYN (*Pro Hac Vice pending*)
       Attorneys for Plaintiff
       DASSAULT SYSTEMES SOLIDWORKS
       CORPORATION